UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUAL JAMES PEAVY,<br><br>                               Petitioner,<br>v.<br>RAYMOND MADDEN, Warden,<br>                               Respondent. | Case No.: 19cv0743-MMA (BGS)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND GRANTING FINAL EXTENSION OF TIME TO AMEND** |

      On April 22, 2019, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On April 29, 2019, the Court construed the Petition as brought pursuant to 28 U.S.C. § 2254 and dismissed it without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to name a proper respondent, failed to use a proper form, and failed to allege exhaustion of state court remedies. (ECF No. 2.) Petitioner was instructed that if he wished to proceed with this action, he was required to satisfy the filing fee requirement and file an amended petition curing those pleading defects on or before July 5, 2019. (Id.) That deadline was extended twice, until November 22, 2019. (ECF Nos. 7, 9.) After the extended deadline expired, Petitioner paid the filing fee on November 25, 2019 (ECF No. 10) and filed a First Amended Petition on December 6, 2019 (ECF No. 11).

The First Amended Petition is subject to dismissal because Petitioner has left the petition form almost entirely blank and has not signed it. As a result, he has not satisfied the requirements of signing the Petition under penalty of perjury, alleging a cognizable federal claim in the body of the Petition and alleging exhaustion of state court remedies. The First Amended Petition is dismissed for those reasons and Petitioner is granted one final extension of time to cure those defects of pleading.[1]

## **FAILURE TO SIGN PETITION UNDER PENALTY OF PERJURY**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and <u>be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242</u>." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has not signed the Petition under penalty of perjury. (ECF No. 11 at 12.)

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, Petitioner has failed to allege that his current confinement violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. <u>Anthony v. Cambra</u>, 236 F.3d 568, 574-75 (9th Cir. 2000). Although it is possible Petitioner's current submission are not untimely under that rule, the Court is unable to make such a determination because Petitioner has left blank the line on the petition form asking when he mailed or handed his documents to the prison authorities for mailing to the court. (<u>See</u> ECF No. 11 at 11.)

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Petitioner has left blank the section of the petition form directing him to identify his claims (ECF No. 11 at 6-9) and does not allege in what manner he is "in custody in violation of the Constitution or laws or treaties of the United States" in the petition form. 28 U.S.C. § 2254. Although he appears to attempt to present two claims in an attachment to the petition form (see ECF No. 14), even were the Court to so construe the Petition as presenting those claims, Petitioner has not indicated they have been presented to the state supreme court and has therefore failed to allege exhaustion of state court remedies as to any claim in the Petition.

## **FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

The burden of proving a claim has been exhausted lies with Petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981). There is no indication anywhere in the Petition that any claims have been presented to the state supreme court, as Petitioner merely indicates he "filed a notice of appeal" following his conviction. (ECF No. 11 at 17.)

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not signed the petition under penalty of perjury, has not stated a cognizable federal claim and has not alleged exhaustion of state court remedies.

## **CONCLUSION AND ORDER**

The First Amended Petition is **DISMISSED** without prejudice for failure to sign the petition under penalty of perjury, failure to state a cognizable federal claim, and failure to allege exhaustion of state court remedies. The Court **EXTENDS** the deadline to file a Second Amended Petition curing the pleading defects identified above to **on or before January 15, 2020**. Because the deadline for amending the Petition in this action has already been extended twice from its original deadline of July 5, 2019 (<u>see</u> ECF Nos. 7, 9), and because the failure to properly amend the federal petition appears to result merely from Petitioner's failure to fill out the petition form, no further extension of time will be given absent a demonstration of extraordinary circumstances preventing Petitioner from timely filing a Second Amended Petition. The Clerk of Court will send Petitioner a blank Southern District of California second amended 28 U.S.C. § 2254 habeas petition form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: December 9, 2019

HON. MICHAEL M. ANELLO
United States District Judge

4

19cv0743-MMA (BGS)